■ OLGA PROCHO, Appellant, v. ALEXANDER PROCHO et al., Respondents.— AULISI, J. Appeal from a judgment of the Supreme Court in favor of the defendant, entered April 14, 1967 in Sullivan County, upon a decision of the court at a trial term without a jury. Plaintiff was the owner of certain real property consisting of a lot with a one-story dwelling thereon. The property was mortgaged and because of defaults had been foreclosed. A foreclosure sale was imminent and plaintiff's son, who handled her business affairs and is one of the defendants here, was attempting to procure money to avoid the sale. The son met defendant Kagan and arranged a transaction with him. Plaintiff went with her son to Kagan's attorneys and executed a deed for the property to Kagan. He granted an option to repurchase within six months. A few days

after the option expired, plaintiff, through her son, attempted to repurchase the property but was refused. Plaintiff instituted suit and this appeal concerns only plaintiff's second cause of action based upon alleged fraud and which requested the reformation of the deed and option agreement so as to constitute a mortgage. Apparently conceding that her proof fell short of establishing the alleged fraud, plaintiff moved at the close of her case to amend the pleadings to conform to the evidence pursuant to CPLR 3025 (subd. [c]). Plaintiff relies on section 320 of the Real Property Law which provides in part: "A deed conveying real property, which, by any other written instrument, appears to be intended only as a security in the nature of a mortgage, although an absolute conveyance in terms, must be considered a mortgage". Trial Term properly denied plaintiff's motion to conform. The motion under CPLR 3025 (subd. [c]) is within the discretion of the trial court (*O'Hara* v. *Tidewater Oil Co.*, 23 A D 2d 870) and on the record before us, we can not say that this denial was an abuse of discretion. Plaintiff admitted that she was told that the house no longer belonged to her. Although her son apparently misrepresented to her what was taking place, there is no indication that Kagan knew or should have known of this or to suggest that he intended anything more or less than what the instruments themselves purport to be. Assuming *arguendo*, that the granting of the motion would neither surprise nor prejudice the defendant, the record clearly shows that the burden imposed upon plaintiff under her alternative theory of recovery could not be met. Judgment affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Aulisi, J.